

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-6-2007

# Alevras v. Tacopina

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5371

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Alevras v. Tacopina" (2007). *2007 Decisions.* Paper 1338.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1338

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-5371

_____

CHRIS G. ALEVRAS,

Appellant

v.

JOSEPH TACOPINA,
TAMA BETH KUDMAN,
JOSEPH BENFANTE, Individually, jointly and severally

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 03-cv-03780)
District Judge: Honorable William H. Walls

_____

Submitted Under Third Circuit LAR 34.1(a)
February 26, 2007

Before: MCKEE and ALDISERT, <u>Circuit</u> <u>Judges</u>,
RESTANI[*], <u>Judge</u>

(Filed:   April 6, 2007)

_____

OPINION

_____

_____

[*]  Honorable Jane A. Restani, Chief Judge of the United States Court of International
Trade, sitting by designation.

RESTANI, Judge.

Appellant Chris G. Alevras challenges an order of the District Court granting summary judgment to Appellee Joseph Tacopina and his associates Tama Beth Kudman and Joseph Benfante (collectively "Tacopina"). The District Court found that issues essential to all of Alevras's claims had been litigated in a prior petition under 28 U.S.C. § 2255 and were therefore precluded from relitigation. We will affirm.

## BACKGROUND

This appeal arises from a malpractice suit filed by Alevras against the attorney he hired to represent him in connection with a plea agreement. On February 18, 1997, a federal grand jury returned a thirty-eight count indictment against Alevras, including one count of mail fraud, five counts of bank fraud, one count of wire fraud, and thirty-one counts of filing false claims.

Alevras was arrested on February 19, 1997. At his arraignment before Magistrate Judge Stanley R. Chesler, Alevras requested to proceed in forma pauperis. His request was granted, and a court-appointed attorney, Jeffrey Bronster, was assigned to Alevras's case. In early March, Bronster and Alevras met with the Assistant United States Attorney assigned to the case to discuss a plea bargain. The parties reached an agreement, and on March 5, 1997, the prosecution sent Bronster a letter outlining the terms of Alevras's plea. The terms of the agreement called for Alevras to plead guilty to count three of the indictment, bank fraud in violation of 18 U.S.C. § 1344, and count eight, submission of a false claim to the United States in violation of 18 U.S.C. § 287. In addition, Alevras

2

would plead guilty to an information charging him with the unlawful possession of a firearm by a felon, a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Alevras agreed, and on March 19, 1997, the prosecutor added the one-count information for that charge.  That day, Alevras pled guilty to the charges identified in his plea agreement.  The District Court, Judge Joseph A. Greenaway Jr. presiding, released Alevras on bail pending sentencing.

On June 16, 1997, Alevras sent a letter to the court asking to replace Bronster with private counsel.  On June 20, Judge Greenaway granted Alevras's request, giving him until June 27, 1997, to find new counsel, on the condition that Alevras pay for Bronster's services.  Alevras failed to respond to the District Court by the June 27 deadline, and a status conference for the matter was set for July 1, 1997.  After Alevras failed to appear on July 1, pretrial services filed a notice stating that it could not locate Alevras, and requested a warrant for his arrest.  Judge Greenaway issued a bench warrant and Alevras surrendered to the court on July 2.  Judge Greenaway then held a hearing to determine whether Alevras should be remanded into custody prior to sentencing.  Without counsel present, Alevras told the court that he had been incapacitated by an attack of depression on June 30 and did not recover until the night of July 1.  He also informed the Court that he had retained Tacopina as his counsel.  Judge Greenaway remanded Alevras pending sentencing.

As a result of his failure to appear on July 1, the prosecution sought to increase Alevras's offense level by five points – adding two points for obstruction of justice and

3

withdrawing a three-point reduction for acceptance of responsibility in his original agreement. Tacopina negotiated an amended plea agreement that eliminated the five-point enhancement. In exchange, Alevras waived his right to seek to withdraw, appeal or collaterally attack his guilty plea or sentence, except for a limited challenge to the calculation of his criminal history category. On October 14, 1997, the District Court accepted the amended plea agreement and sentenced Alevras to eighty-seven months of imprisonment.

Following sentencing, Alevras and Tacopina discussed the matter of an appeal. Initially, Alevras did not state that he wanted Tacopina to file an appeal.[1] Despite this representation, on October 27, 1997, Alevras's fiancée, Jackie DelGuercio, sent Tacopina's office a fax requesting that notice of appeal forms be sent to Alevras at Union County Jail in Elizabeth, New Jersey. An employee at Tacopina's office sent a copy of the necessary appeal forms, plus instructions regarding a filing fee, to Alevras that day. The letter was returned undelivered about one week later. Meanwhile, the time to appeal Alevras's sentence expired. On November 5, 1997, Tacopina filed a notice of appeal, but only with respect to the unlawful possession charge, case number 97-00172 (the "172 case"). No notice of appeal was filed in the fraud and false claim case, 97-00099 (the "99 case"). On December 22, 1997, Tacopina filed a motion requesting leave to file the

---

[1] In prior litigation, Alevras maintained that he told Tacopina to file a notice of appeal immediately after sentencing. Judge Greenaway held an evidentiary hearing and found that Alevras's account was untrue, and that Alevras indicated that he did not intend to appeal following his sentencing hearing. We find no error in this regard.

notice of appeal out of time. The District Court denied the motion on December 29, 1997, and this Court dismissed the appeal as untimely on March 20, 1998.

On June 22, 1998, Alevras filed a pro se petition in the District Court under 28 U.S.C. § 2255, claiming that a number of his constitutional and statutory rights had been violated. He claimed that Tacopina had been ineffective in failing to present valid objections to the presentencing report, while instead pressing arguments that had no chance of success. He also claimed that Tacopina had failed to preserve Alevras's limited right of appeal to his sentence. In addition, Alevras claimed that Judge Greenaway violated his Fifth and Sixth Amendment rights by questioning him on July 2, 1997, in the absence of counsel, had pressured him into accepting the amended plea agreement, and should have recused himself because he had communicated with representatives from pretrial services ex parte regarding Alevras's failure to appear on July 1, 1997. See Alevras v. United States, Civ. No. 98-3056, slip op. at 1–3 (D.N.J. July 28, 1999) ("Alevras I"). Because Alevras had waived his right to bring a § 2255 petition in the amended plea agreement, Judge Greenaway first considered whether there were grounds to void the waiver provision, including whether Tacopina's assistance had been ineffective under Strickland v. Washington, 466 U.S. 668 (1984). Judge Greenaway found no such grounds, and dismissed the case on July 28, 1999.[2] See Alevras I, slip op. at 17.

---

[2] Because Judge Greenaway found the waiver enforceable, he did not "substantively address the merits of Petitioner's motion to vacate his sentence." Alevras I, slip op. at 17.

5

Shortly after filing his § 2255 petition, in July 1998, Alevras filed a petition for a writ of mandamus in this Court. See In re Alevras, No. 98-6228, slip op. at 2 (3d Cir. Jan. 28, 1999). In that petition, Alevras sought to have Judge Greenaway removed from his case, and also sought review of Judge Greenaway's order requiring him to pay Bronster. Id., slip op. at 5. This court found that it could not revisit the order requiring repayment because the issue should have been brought on direct appeal, but Alevras had failed to timely appeal. Id. The court did conclude, however, that Alevras had not provided any evidence showing that Judge Greenaway was biased. See id., slip op. at 7–9.

Alevras then appealed the dismissal of his § 2255 petition. On October 23, 2000, this Court issued a show cause order as to "why a certificate of appealability should not be granted" as to whether :

> Alevras made a timely request of his counsel to file a notice of appeal; and (2) whether counsel represented to Alevras that the District Court stated that (a) if Alevras did not sign the amended plea agreement, the District Court would (i) immediately remand him to prison, and (ii) give Alevras a five point upward adjustment; and (b) if Alevras did sign the amended plea agreement, it would sentence Alevras at the low end of the guideline range.

Alevras v. United States, No. 99-5707 (3d Cir. Oct. 23, 2000) (order to show cause). After receiving an answer from the government stating that a hearing on those issues would be appropriate, this Court issued an order remanding not only for consideration of "claims concerning the alleged involuntariness of [Alevras's] amended plea agreement," but also "counsel's alleged ineffectiveness for failing to file a timely direct appeal."

6

<u>Alevras v. United States</u>, No. 99-5707 (3d Cir. Jan. 31, 2001) (order granting limited certificate of appealability and summary remand). This Court granted a certificate of appealability and remanded for consideration of the issues identified in its order to show cause.[3]

On remand, Judge Greenaway conducted four days of evidentiary hearings, after which he issued an opinion finding that Alevras never told Tacopina to file an appeal on his behalf, and that Tacopina had not made any of the alleged statements to Alevras. <u>Alevras v. United States</u>, Civ. No. 98-3056, slip op. at 14 (D.N.J. Nov. 5, 2001) ("<u>Alevras II</u>"). Judge Greenaway reaffirmed that Alevras had waived his right to petition under § 2255, concluded that Tacopina had not been told to file an appeal, and dismissed the case. <u>Id.</u> Alevras appealed, but the court denied a certificate of appealability on May 21, 2002, finding that "[i]n light of the district court's findings, which are amply supported by the record, the appellant has failed to make a substantial showing of the denial of a constitutional right with regard to the claims in question." <u>Alevras v. United States</u>, No. 01-4332 (3d Cir. May 21, 2002) (order denying certificate of appealability).

After losing his § 2255 petition, Alevras proceeded to file suit against Tacopina in New Jersey state court, alleging negligence and legal malpractice, willful and wanton misconduct, breach of express or implied warranties, fraudulent misrepresentation,

---

[3] This Court vacated the order dismissing the § 2255 petition, but not the opinion issued by Judge Greenaway. In remanding for consideration of these limited issues, and later dismissing the entire petition following a hearing on those issues, we understand the summary remand to have left in place Judge Greenaway's determination with respect to issues decided in <u>Alevras I</u>, but not remanded for reconsideration.

7

fraudulent concealment, breach of fiduciary duty, and failure of consideration. After

removing the case to federal court, Tacopina moved for summary judgment. The District

Court, Judge William H. Walls presiding, found that issues essential to all of Alevras's

claims had already been litigated in Alevras's § 2255 petition, and were therefore barred

by the doctrine of issue preclusion. Alevras v. Tacopina, 399 F. Supp. 2d 567, 575

(D.N.J. 2005). Alevras appeals, claiming that the District Court improperly applied the

standard for issue preclusion and failed to consider claims that were not decided in the

§ 2255 petition.

## JURISDICTION AND STANDARD OF REVIEW

The District Court had diversity jurisdiction, under 28 U.S.C. § 1332, because

Alevras is a resident of New Jersey and Appellees are from New York. We have

jurisdiction to consider this appeal pursuant to 28 U.S.C. § 1291. Because this case arises

on diversity jurisdiction, we apply the substantive law of the relevant state, New Jersey.

The preclusive effect of prior federal judgments, such as Alevras's § 2255 motion,

however, is governed by federal law. See Purdy v. Zeldes, 337 F.3d 253, 258 n.5 (2d Cir.

2003) ("It is well established that federal law on collateral estoppel applies to determine

the preclusive effect of a prior federal judgment."); see also 18B Charles Allan Wright,

Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 4472 (2d ed.

2002) (noting that state courts are ordinarily obliged to apply federal law to determine the

preclusive effect of a federal question judgment, and concluding that federal courts acting

in diversity must do the same). We review the District Court's decision to grant summary

judgment <u>de novo</u>, applying the same standard as the District Court.  If we determine –

after drawing all inferences in favor of Alevras, and making all credibility determinations

in his favor – that no reasonable jury could find for him, summary judgment is

appropriate.  <u>See</u> <u>Schoonejongen v. Curtiss-Wright Corp.</u>, 143 F.3d 120, 130 (3d Cir.

1998).

**DISCUSSION**

Alevras alleges that Tacopina made numerous errors constituting legal malpractice

under New Jersey law.  His first set of claims relate to Tacopina's representation prior to

and during sentencing. Alevras clams that Tacopina failed to seek Judge Greenaway's

recusal, failed to object to "uncounseled statements" made at the July 2 bail hearing,

failed to object to the five-point enhancement proposed by the prosecution, failed to

pursue a seven-day sentence credit under U.S.S.G. § 5G1.3(b) (based on his ongoing

criminal prosecution in New Jersey), and failed to challenge Judge Greenaway's order

requiring Alevras to pay court-appointed counsel as a condition of obtaining private

counsel.  Alevras's second set of allegations stem from the period immediately after

sentencing.  Alevras claims that, during this time, Tacopina allowed the FBI to take title

in Alevras's Walther PPK pistol without consent, caused him to forfeit his right to appeal

his sentence by failing to comply with DelGuercio's instructions faxed on October 27,

1997, misfiled his notice of appeal by filing it too late, and failed to mention the "99

case" in that notice.  Finally, Alevras alleges that the motion to file out of time constituted

9

malpractice because, among other things, it was filed late and did not effectively assert

"excusable neglect."

Tacopina argues that these claims have already been decided by Judge

Greenaway's judgment dismissing Alevras's § 2255 petition. Under the federal law of

issue preclusion, Tacopina bears the burden to show that:

> (1) the identical issue was decided in a prior adjudication; (2) there was a final judgment on the merits; (3) the party against whom the bar is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom the bar is asserted had a full and fair opportunity to litigate the issue in question.

Bd. of Trs. of Trucking Employees of No. Jersey Welfare Fund, Inc. v. Centra, 983 F.2d

495, 505 (3d Cir. 1992).

There is no question that Alevras, the party against whom preclusion is sought, is

the same party who brought the § 2255 action. There is also no question that Judge

Greenaway issued two final determinations resulting in dismissal of Alevras's § 2255

petition. Indeed, the record shows that Judge Greenaway held multiple days of

evidentiary hearings to resolve the particular issues of fact. Thus, elements two and three

of the issue preclusion test are satisfied.

The key questions before this Court are whether the issues decided by Judge

Greenaway are the same as issues essential to Alevras's malpractice suit, and whether

Alevras had a full and fair opportunity to litigate those issues. To apply issue preclusion,

a court need not find that the claims in two separate actions were identical; rather,

10

identical factual or legal issues may be material to both actions, even if the claims they support are somewhat different. Witkowski v. Welch, 173 F.3d 192, 203 (3d Cir. 1999) ("Even if there was not a precise identity of the 'causes of action' asserted, it would be of no legal consequence; there is no such requirement for the application of issue preclusion. Only the issues need be the same."). Unlike claim preclusion, however, a court cannot automatically conclude that the mere opportunity to litigate a particular legal issue in a prior action is sufficient to warrant preclusion. Issue preclusion does not apply if an issue has not been actually raised, considered, and decided in a manner necessary to the prior judgment. McCord v. Bailey, 636 F.2d 606, 609 (D.C. Cir. 1980) ("For this doctrine to apply, the same issue must be at stake in both cases, and the issue must have been litigated and decided in the first suit.").

## A. Did Judge Greenaway Address the Same Issues Raised in Alevras's Claim?

We begin with the question of which factual and legal claims essential to Alevras's complaint are identical to issues resolved in prior litigation. To prove legal malpractice under New Jersey law, Alevras must show: "1) the existence of an attorney-client relationship creating a duty of care upon the attorney; 2) that the attorney breached the duty owed; 3) that the breach was the proximate cause of any damages sustained; and 4) that actual damages were incurred." Sommers v. McKinney, 670 A.2d 99, 103 (N.J. Super. Ct. App. Div. 1996) (citing Albright v. Burns, 503 A.2d 386 (N.J. Super. Ct. App. Div. 1986)). We must consider whether any of the issues previously litigated are essential to Alevaras's claim for malpractice, given the allegations in his complaint.

11

In this case, Alevras alleges that Tacopina negligently failed to object to Judge Greenaway's decision not to recuse himself following his ex parte communication with pretrial services. In Alevras I, Judge Greenaway was asked to recuse himself, but declined to do so. Id., slip op. at 3. In response to Alevras's petition for mandamus, this Court likewise concluded that "none of [his] allegations would cause a reasonable person to question [Judge Greenaway's] impartiality." In re Alevras, No. 98-6228, slip op. at 8. This Court has also denied a certificate of appealability to Alevras's § 2255 petition, which raised the recusal issue, concluding that Alevras "failed to make a substantial showing of the denial of a constitutional right." Alevras v. United States, No. 01-4332 (order denying certificate of appealability). Prior litigation establishes that Alevras's claim for recusal was meritless. Thus, Alevras could not have suffered actual damages from Tacopina's failure to raise the issue. Alevras is therefore precluded from bringing a malpractice action based on Tacopina's failure to seek Judge Greenaway's recusal.

Alevras also claims that Tacopina was negligent in not objecting to "uncounseled statements" made at the July 2, 1997 hearing, and in failing to appeal the results of that hearing. In Alevras I, Judge Greenaway considered whether he had violated Alevras's Fifth and Sixth Amendment rights by questioning him without an attorney present on July 2. Id., slip op. at 2. Judge Greenaway found that "Tacopina's failure to advise Petitioner to reject the Amended Plea Agreement, based on Petitioner's statements to the Court on July 2, 1997, d[id] not render Tacopina's representation . . . ineffective." Id., slip op. at 13. Judge Greenaway found that Alevras, "who appeared without his attorneys, spoke

12

voluntarily." Id., slip op. at 13. Judge Greenaway also found that "[t]he government did not use [Alevras's] July 2, 1997 statements as the reason for the proposed enhancement to his offense level." Id., slip op. at 17. Alevras's malpractice claim is premised on an assumption that actual damages resulted from his "uncounseled statements." Prior litigation establishes that those statements were voluntary, that Tacopina was not ineffective for advising Alevras to take the Amended Plea Agreement despite those statements, and that those statements had no impact on the government's decision to seek a five-point enhancement. See Alevras I, slip op. at 17. These facts preclude relitigation of this issue in Alevras's malpractice suit.

Alevras claims that Tacopina was negligent in negotiating an amended plea to eliminate the five-point sentence enhancement, instead of challenging the plea agreement and five-point enhancement in court. In Alevras I, Judge Greenaway thoroughly considered Tacopina's negotiation of the amended plea and concluded that his conduct was "objectively reasonable." Id., slip op. at 12. Judge Greenaway noted that the plea agreement had the virtue of "ensur[ing] a lighter sentence," while withdrawing his plea would expose Alevras to an uncertain outcome. Id. In seeking a certificate of appealability, Alevras again pressed his claims that Tacopina was ineffective in advising him to accept the amended plea. In response, this Court refused to remand for reconsideration of these arguments, and ultimately concluded that Alevras did not make a "substantial showing of the denial of a constitutional right with regard to the claims in question." Alevras v. United States, No. 01-4332 (order denying certificate of

13

appealability).  These findings preclude Alevras's claim that Tacopina was negligent in failing to challenge the five-point enhancement and in advising his client to accept the amended plea agreement.

Judge Greenaway's finding that Tacopina's representation was not ineffective in negotiating the amended plea agreement also precludes relitigation of Alevras's claim that Tacopina was negligent in failing to argue for a credit pursuant to U.S.S.G. § 5G1.3(b).  Under the relevant provision, a federal court is required to "run [a] federal sentence concurrently to [an] undischarged term of [a state] sentence."  United States v. Dorsey, 166 F.3d 558, 559 (3d Cir. 1999) (citing U.S.S.G. § 5G1.3(b)).  Section 5G1.3(b) also allows courts to order that credit be given for time already served on a related state sentence prior to federal sentencing.  Id. at 559, 563.  Alevras claims that, although he was not subject to any related state sentence at the time he was sentenced in federal court, he had already pled guilty to a state charge based on some of the conduct discussed in the federal indictment.  According to Alevras, because entry of his federal sentence did not occur until his surrender date, October 21, 1997, and he was sentenced in New Jersey court on October 20, he should have received a seven day credit matching a credit he allegedly received on his New Jersey sentence.  Alevras argues that he could not have raised this issue before Judge Greenaway because improper application of the Guidelines is not a "fundamental defect" in the proceedings that may be attacked under § 2255.  See United States v. Cepero, 224 F.3d 256, 267–68 (3d Cir. 2000) (holding that

14

misapplication of the guidelines does not automatically constitute a "fundamental defect" in the proceedings reviewable under § 2255).

Nevertheless, Alevras could have argued in his § 2255 petition that Tacopina's failure to raise the § 5G1.3(b) argument at sentencing was evidence of ineffective assistance of counsel. See Jansen v. United States, 369 F.3d 237, 244 (3d Cir. 2004) (finding that trial counsel may be found ineffective for failing to pursue sentencing guideline reduction) (citing United States v. Headley, 923 F.2d 1079, 1084 (3d Cir. 1991)). Ineffective assistance of counsel may be challenged under § 2255, and therefore this argument could have been presented as evidence in favor of Alevras's § 2255 petition.

Issue preclusion may be used to bar the introduction of additional evidence in order to prevent relitigation of a legal issue decided in a prior case. See Restatement (Second) of Judgments § 27 illus. 4 (explaining that "[i]t is reasonable to require [a plaintiff] to bring forward all evidence in support of . . . alleged negligence in the initial proceeding"). Alevras had the opportunity to challenge Tacopina's competence, prior to and at the sentencing hearing, in his § 2255 petition. Alevras's failure to assert the § 5G1.3(b) issue in favor of that claim does not give him the right to relitigate Tacopina's effectiveness again in this separate action.

Next, Alevras contends that Tacopina was negligent for failing to comply with DelGuercio's instructions to mail him his appeal forms for pro se filing. Under the terms of his plea agreement, Alevras was entitled to challenge his criminal history category on

15

appeal. Alevras's failure to file a timely notice of appeal deprived him of that right. Although <u>Alevras I</u> addressed only the effectiveness of Alevras's waiver, the remand order from this court specifically instructed Judge Greenaway to consider Tacopina's failure to file a timely direct appeal. <u>Alevras v. Tacopina</u>, No. 99-5707 (3d Cir. Jan. 31, 2001) (order summarily remanding petition). The remand order thus required Judge Greenaway to go beyond consideration of the voluntariness of Alevras's waiver in order to address whether Tacopina had been ineffective in failing to preserve Alevras's limited right to appeal his criminal history category. Judge Greenaway specifically considered whether Tacopina had failed to follow Alevras's instructions regarding the appeal, and concluded that Alevras had "failed to make <u>any</u> request of his counsel to file a notice of appeal on his behalf, let alone a timely one." <u>Alevras II</u>, slip op. at 11. Judge Greenaway also determined that Tacopina "complied with DelGuercio's request and forwarded said forms to the requested address." <u>Id.</u>, slip op. at 12. The judgment in <u>Alevras II</u> establishes that Tacopina did comply with DelGuercio's instructions, thus precluding a malpractice claim based on Tacopina's alleged failure to comply with those instructions.

Alevras presses the claim that Tacopina was negligent in filing an appeal in an attempt to preserve Alevras's rights, despite his apparent intent to proceed <u>pro se</u>. (Appellant's Br. 22.) This court remanded Alevras's § 2255 petition for consideration of "counsel's alleged ineffectiveness for failing to file a timely direct appeal," specifically, whether Alevras had instructed Tacopina to file an appeal. <u>Alevras v. United States</u>, 99-5707 (order granting certificate of appealability). Judge Greenaway addressed the issue

16

remanded by this Court, concluding that Alevras did not order Tacopina to file an appeal. This Court denied a certificate of appealability, concluding that Alevras had made no substantial showing that he was denied any constitutional rights, including the right to effective assistance of counsel in connection with his appeal to his criminal history category. Alevras v. United States, No. 01-4332 (order denying certificate of appealability).

Alevras now seeks to turn the conclusion of the District Court on its head – while he once claimed that Tacopina was ineffective because he failed to file an appeal, he now claims that Tacopina was negligent because he did. Under either set of facts, however, the ultimate question has already been decided; Tacopina's handling of Alevras's appeal was not deficient under Strickland. As noted, issue preclusion may be used to prevent the introduction of new facts to undermine a finally determined issue. See Del. River Port Auth. v. Fraternal Order of Police, 290 F.3d 567, 578 n.22 (3d Cir. 2002) (finding that if an issue of law is decided in prior litigation "'new arguments may not be presented to obtain a different determination of that issue'") (quoting Restatement (Second) of Judgments § 27 cmt. c); Yamaha Corp. of Am. v. United States, 961 F.2d 245, 254 (D.C. Cir. 1992) ("[O]nce an issue is raised and determined, it is the entire issue that is precluded, not just the particular arguments raised in support of it in the first case."); Restatement (Second) of Judgments § 27 cmt. c ("[I]f the party against whom preclusion is sought did in fact litigate an issue of ultimate fact and suffered an adverse

17

determination, new evidentiary facts may not be brought forward to obtain a different determination of that ultimate fact.").[4]

## B. Did Judge Greenaway Resolve These Issues At A Burden Of Proof Equal To, Or Greater Than, That Required Under New Jersey Law?

Having found that the issues Judge Greenaway decided in disposing of Alevras's § 2255 petition are identical to the issues essential to the success of Alevras's malpractice claims, we must now decide whether a sufficiently rigorous standard of proof was applied

---

[4] Only two of Alevras's remaining claims bear further mention. Alevras claims that Tacopina negligently failed to challenge or timely appeal Judge Greenaway's order requiring Alevras to pay Bronster's fee as a prerequisite to obtaining private counsel. The order requiring repayment was entered on June 24, 1997. The time to appeal such an order was within ten days of its entry. Fed. R. App. Pro. 4(b)(1)(A). Because Tacopina did not appear in the case until July 11, 1997, Alevras, not Tacopina, is to blame for failing to appeal the order requiring payment to Bronster. Furthermore, even if the Bronster payment order could have been appealed after sentencing, Alevras did not order Tacopina to file an appeal.

Alevras also argues that Tacopina was negligent in letting the FBI take title to a pistol recovered from a search of Alevras's office. Alevras claims that he intended for Tacopina to convey the pistol to his fiancée's brother. Generally, a felon cannot succeed on a claim for the return of a firearm, including a claim that would result in constructive possession, such as Alevras's proposed conveyance. See United States v. Smith, 142 F. App'x 100, 102 (3d Cir. 2005) (per curiam) (holding that a felon was not entitled to the return of his firearms, because he "c[ould] not lawfully possess guns and ammunition nor c[ould] he request that these items be transferred to the custody of his wife") (citing United States v. Felici, 208 F.3d 667, 670 (8th Cir. 2000)).

New Jersey typically relies on a "suit-within-a-suit" method of proving causation and damages in cases involving an economic loss resulting from malpractice. See Conklin v. Hannoch Weisman, 678 A.2d 1060, 1071(N.J. 1996). Under this approach, even if an attorney acts negligently, for example, by missing a statute of limitations deadline, "a plaintiff must still establish that . . . the action . . . would have resulted in a favorable recovery." Id. Because Alevras had no right to possess the pistol, even constructively, he cannot show that his claim to the pistol would have succeeded. Therefore, he cannot show that Tacopina's alleged negligence resulted in actual damages.

to justify Judge Walls's use of issue preclusion.  As a general rule, issue preclusion, unlike claim preclusion, "may be defeated by shifts in the burden of persuasion or by changes in the degree of persuasion required."  18 Federal Practice & Procedure § 4422; see also Nat'l R.R. Passenger Corp. v. Penn. Pub. Util. Comm'n, 288 F.3d 519, 525 (3d Cir. 2002) (citing Restatement (Second) of Judgments § 28 (1980)).  Judge Greenaway, in deciding whether Alevras's waiver was knowing and intelligent, was obligated to consider whether Tacopina's advice to accept the waiver was the result of ineffective assistance of counsel under Strickland.  Alevras claims that his burden to prove ineffective assistance of counsel under Strickland was heavier than his burden to prove malpractice under New Jersey law.  New Jersey has not addressed whether the standard of constitutional ineffectiveness under Strickland is equivalent to New Jersey's negligent breach of the duty to professionally represent a criminal defendant.  Consequently, our task is to compare the standards and predict how New Jersey would interpret its malpractice law based on the sources available to us.  See Clark v. Modern Group Ltd., 9 F.3d 321, 326–27 (3d Cir. 1993).

In order to show that criminal counsel's representation was ineffective under the Sixth Amendment, a petitioner must show:

> First . . . that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so

19

> serious as to deprive the defendant of a fair trial, a trial whose
> result is reliable.

Strickland, 466 U.S. at 687. Strickland and New Jersey law impose similar standards of care. Strickland requires proof that an attorney did not act within "prevailing professional norms." Id. at 688. Under New Jersey law, a claim of negligent malpractice depends on the "knowledge, skill and ability ordinarily possessed and exercised by members of the legal profession similarly situated." Vort v. Hollander, 607 A.2d 1339, 1342 (N.J. Super. Ct. App. Div. 1992). Alevras points out, however, that Strickland requires a reviewing court to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. Alevras claims New Jersey tort law imposes no such presumption on a malpractice plaintiff, and that this disparity results in a significantly heavier burden in a § 2255 petition than a malpractice claim.

We do not agree with Alevras that the first prong of Strickland alters the burden of proof in a manner that defeats issue preclusion. Both Strickland and New Jersey law place the burdens of persuasion and production squarely on the shoulders of the party claiming ineffective or negligent assistance of counsel. Compare Strickland, 466 U.S. at 687, with Kranz v. Tiger, 914 A.2d 854, 860 (N.J. Ct. App. Div. 2007); Sommers, 670 A.2d at 103. Both claims are proven by a preponderance of the evidence. Compare Bowen v. Blaine, 243 F. Supp. 2d 296, 307 (E.D. Pa. 2003) (stating that Strickland "requires a claimant to show, by a preponderance of the evidence, that . . . 'his or her

20

attorney's performance was, under all the circumstances, unreasonable under prevailing professional norms'") (quoting United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992)), with Sommers, 670 A.2d at 103 ("The client bears the burden of proving by a preponderance of competent credible evidence that injuries were suffered as a proximate consequence of the attorney's breach of duty.").[5]

Finally, Alevras argues that issue preclusion should not apply in his malpractice case because the rules governing petitions under 28 U.S.C. § 2255 impeded his ability to conduct discovery and to call witnesses. (Appellant's Br. 28.) He also argues that he was required to produce objective evidence in favor of his § 2255 petition, while his malpractice action did not require such evidence. (Appellant's Br. 28 (citing United States v. Jones, 336 F.3d 245, 254 (3d Cir. 2003)).) Looking to the record in this case, it is evident that Judge Greenaway considered the testimony of numerous witnesses, and that Alevras was given a meaningful opportunity to confront those witnesses to present his case. He was also permitted to submit an expert affidavit and various documents. Jones does not demonstrate a strict requirement for objective evidence to show ineffective

---

[5] Judge Walls suggested that Alevras's failure to obtain exoneration in his claims for post-conviction relief might prevent a finding that Tacopina's representation was the proximate cause of his harm. Alevras v. Tacopina, 399 F. Supp. 2d at 574 n.2. Many courts have held that a malpractice plaintiff is required to obtain post-conviction relief prior to filing suit for malpractice. Typically, such a requirement is justified by the reasoning that it is the former client's conviction, not the attorney's malpractice, which is the proximate cause of his injury. See Alampi v. Russo, 785 A.2d 65, 70–71 (N.J. Super. Ct. App. Div. 2001) (summarizing cases). New Jersey has declined to accept such a "bright line" rule for all cases. Id. at 72. In any case, we have no need to resolve this issue here.

21

assistance of counsel. In that case, the court concluded that the petitioner was not credible because his testimony was "undermined by his own statements in the record." Jones, 336 F.3d at 255. In addition to his lack of credibility, the court also considered the absence of objective evidence to support his new claims, and found no evidence of ineffective assistance of counsel. Id.; see also Purdy, 337 F.3d at 259 (doubting that the Second Circuit has adopted a "strict objective evidence rule"). In any case, Alevras did not fail because of any unusual standard applicable to § 2255 petitions. He simply was not found credible.

Consequently, we find that the judgment issued by Judge Greenaway is entitled to preclusive effect on the issues necessarily decided in Alevras's § 2255 claim. Furthermore, we see no inequity or abuse of discretion in Judge Walls's decision to apply issue preclusion under the circumstances of this case.

Accordingly, the District Court's grant of summary judgment in favor of Appellants is AFFIRMED.

_____